**2013 UT App 252**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.M., I.R., N.M., G.C., AND
D.M., persons under eighteen years of age.

K.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130549-CA
Filed October 18, 2013

Third District Juvenile Court, West Jordan Department
The Honorable Elizabeth A. Lindsley
No. 1056912

Richard K. Clark, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, CAROLYN B. MCHUGH, AND
J. FREDERIC VOROS JR.

PER CURIAM:

¶1      K.M. (Mother) appeals the juvenile court's June 5, 2013 order
terminating her parental rights. We affirm.

¶2      Mother asserts that there was insufficient evidence to
support the juvenile court's determination that she is an unfit
parent. Mother also asserts that there was insufficient evidence to
support the juvenile court's determination that the Division made

reasonable efforts to provide her with reunification services. In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 The juvenile court determined that Mother is an unfit or incompetent parent pursuant to Utah Code section 78A-6-507(1)(c), and that it is strictly necessary to terminate Mother's parental rights. *See* Utah Code Ann. § 78A-6-507(1)(c) (LexisNexis 2013). Utah Code section 78A-6-508(2)(a) provides that in determining whether a parent is unfit, the juvenile court shall consider whether a mental deficiency renders the parent unable to care for the immediate and continuing physical or emotional needs of a child for extended periods of time. *See id.* § 78A-6-508(2)(a). Section 78A-6-508(2)(c) provides that the juvenile court's determination that a parent is unfit may also be supported by a parent's habitual use of intoxicating liquors or controlled substances. *See id.* § 78A-6-508(2)(c).

¶4 The record supports the juvenile court's determination that Mother is an unfit parent due to her significant cognitive limitations, which render her unable to care for her children's

physical and emotional needs for extended periods of time. In addition to Mother's cognitive limitations, the record demonstrates that Mother has a history of methamphetamine use and that she continues to struggle with substance abuse. Mother fails to demonstrate that the juvenile court erred by determining that she is an unfit parent.

¶5    The record also supports the juvenile court's determination that the Division made reasonable efforts to provide reunification services in accordance with Utah Code section 78A-6-507(3)(a). Mother received services including, but not limited to, psychological assessments, substance abuse assessments, child and family team meetings, peer parenting, supervised visitation, and therapeutic assistance for her visits with her children. The record indicates that Mother failed to comply with all of her services and that she failed to comply with the recommendations from all of her assessments. The juvenile court determined that it would take years of intensive services for Mother to be capable of properly parenting her children, but that even with years of further services, there were no assurances of success given Mother's substantial cognitive limitations. Mother fails to demonstrate that the juvenile court erred by determining that she was provided with reasonable services.

¶6    Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interest to terminate Mother's parental rights. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interests and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶7    In conducting the best interest analysis, the juvenile court first determined that Mother was an unfit parent due to a mental

deficiency that rendered her unable to care for her children for extended periods of time. Additionally, the juvenile court found that Mother has a history of substance abuse, which renders her unfit as a parent. The juvenile court also determined that although Mother loves her children, the factors that render her unfit prevent her from giving the children the special structure and supervision the children require.

¶8 Conversely, the children are receiving the special care and structure that they require in their current placements. The juvenile court determined that in order for these children to succeed, they must have a caregiver that can provide a safe and highly structured environment with very firm boundaries. This level of care in being met in the children's current placements. D.M. and G.C. are in legal risk home where their needs are being met, they are loved, and their foster parents wish to adopt them. N.M. has been placed in a loving home where the parents have extensive skills to meet her special needs.

¶9 I.R. and K.A. have also been placed with loving foster parents that are also meeting their special needs. K.A.'s foster parents indicated that they are currently leaving the option of adoption open, but that they would rather have K.A. stay in their home than go anywhere else. I.R. has also made tremendous progress in his foster home where he has learned to show affection and he has made vast improvements at school. Mother fails to demonstrate that the juvenile court's determination that it is in the children's best interests to terminate Mother's parental rights is against the clear weight of the evidence.

¶10 Accordingly, the juvenile court's order is affirmed.

———————